RECEIVED
IN ALEXANDRIA, LA
OCT 26 2005
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA

# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# ALEXANDRIA DIVISION

| | |
|---|---|
| CHRIS L. AUGUSTINE, SR. | CIVIL ACTION NO. 01-1095 |
| -vs- | JUDGE LITTLE |
| AVOYELLES PROGRESS ACTION COMMITTEE, INC. ET AL. | |

## JUDGMENT

At a hearing conducted in Alexandria, Louisiana on 13 July 2004, the transgressions of Nelson D. Taylor ("Taylor"), counsel for the plaintiff, were discussed. Specifically, Taylor had been sanctioned in the sum of $500 for failing to provide appropriate evidence supporting his absence from a 29 January 2004 court hearing for unspecified medical reasons. This court imposed the sanctions in its order of 2 June 2004 [Doc. #34].

At the hearing of 13 July 2004, Taylor acknowledged that he had neither paid the imposed sanction of $500 nor planned to do so. Moreover, he refused to submit to the court the required medical proof to explain his previous absence. Taylor has been removed as counsel for the plaintiff. Plaintiff's appeal has been dismissed for failure "to timely file brief and record excerpts." Fifth Cir. Op. at 1 [#51]. The $500 sanction has not been paid to date.

28 U.S.C. § 1927 permits the court to require "[a]ny attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously . . . to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." This provision permits courts to impose sanctions when "there is evidence of bad faith, improper

motive, or reckless disregard of the duty owed to the court." Connor v. Travis County, 209 F.3d 794, 799 (5th Cir. 2000) (internal citation and quotation marks omitted).

Federal courts also possess inherent power to disbar attorneys who commit professional misconduct in front of them. Howell v. State Bar of Texas, 843 F.2d 205, 206 (5th Cir. 1988). "Since the early days of English common law, it has been widely recognized that courts possess the inherent power to regulate the conduct of attorneys who practice before them and to discipline or disbar such of those attorneys as are guilty of unprofessional conduct." Id. Generally, disbarment requires a finding of bad faith. See U.S. v. Orlieb, 274 F.3d 871, 880 (5th Cir. 2001). Such a finding is not required if "bad faith is patent from the record or specific findings are unnecessary to understand the misconduct." In re Sealed Applicant, 194 F.3d 666, 671 (5th Cir. 1999).

Nelson refused in open court to pay the imposed sanction or provide further medical evidence to justify his absence on 29 January 2004. This court, therefore, finds that Nelson has acted in bad faith. In light of Taylor's continued, bad faith refusal to pay the sanction, this court invokes its inherent power to disbar attorneys who practice before it. Howell, 843 F.2d at 206. Accordingly, it is hereby ordered that Nelson D. Taylor be disbarred from practice in the United States courts in the Western District of Louisiana.

Alexandria, Louisiana
26 October 2005

                                      F. A. LITTLE, JR.
                             UNITED STATES DISTRICT JUDGE